UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSIC GROUP MACAO COMMERCIAL OFFSHORE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DAVID FOOTE,<br><br>Defendant. | Case No. 14-cv-03078-JSC<br><br>**ORDER RE: DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 43, 44 |

This case arises out of a cyber attack on the global computer network and communication systems of Plaintiff Music Group Macao Commercial Offshore Limited ("Plaintiff"). Plaintiff asserts that the cyber attack occurred due to the failures of Defendant David Foote ("Defendant"), a technology consultant for the company. Now pending before the Court are two discovery disputes regarding Plaintiff's responses to two distinct discovery requests. (Dkt. Nos. 43, 44.) Having considered the parties' joint letter briefs, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b). The Court DENIES Defendant's request for an order compelling Plaintiff to respond to Request for Admission Number 1 and GRANTS IN PART and DENIES IN PART Defendant's request for an order compelling Plaintiff to respond to discovery requests regarding disciplinary action.

**BACKGROUND**

Plaintiff asserts that Defendant, the technology consultant that Plaintiff hired to investigate and analyze Plaintiff's internet technology infrastructure, breached his consultancy agreement by failing to perform his duties and was grossly negligent in performing those duties because he failed to prevent a massive cyber attack on Plaintiff's systems. Plaintiff brings suit against Defendant for (1) breach of contract, (2) negligence, and (3) express contractual indemnity. (Dkt.

No. 5.) Defendant contends that the cyber attack was caused by the tortious act of a third party and that, in any event, other high level information technology employees—rather than Defendant—were responsible for ensuring network security. (*See generally* Dkt. No. 32.) Defendant brings counterclaims against Plaintiff for (1) breach of contract, (2) open book account, *i.e.*, to collect on money owed for services that Defendant performed; (3) quantum meruit to recover the reasonable value of those services rendered; and (4) declaratory relief in the form of an order setting forth whether Defendant has indemnification obligations to Plaintiff. (Dkt. No. 14.)

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified. *See Williams v. Gate*, No. 09-0468, 2011 WL 6217378, at *1 (E.D. Cal. Dec. 14, 2011) (the moving party "bears the burden of informing the Court . . . for each disputed response, why [the responding party's] objection is not justified[.] [The moving party] may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses."). "Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery. An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information." *Khalilpour v. CELLCO P'ship*, No. 09-02712, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (internal quotation marks and citations omitted).

## DISCUSSION

**A.    Response to the Request for Admission (Dkt. No. 43)**

The parties' first dispute pertains to Defendant's Request for Admission ("RFA") Number 1, which asked Plaintiff to "[a]dmit that the attack on your computer network and communication infrastructure referred to in the Complaint constituted an *illegal act*." (Dkt. No. 43 at 1 (emphasis added).) Plaintiff launched several objections to this request, contending, among other things, that

2

the request: (1) seeks information that is not relevant to the litigation; (2) seeks confidential, privileged information; (3) and calls for a legal conclusion. (Dkt. No. 43 at 1; Dkt. No. 45-2 at 10-11.) Defendant argues that the illegality of the cyber attack is relevant to his affirmative defense: "because illegal acts are more apt to break the chain of causation, thereby absolving [Defendant] even if it is somehow found that he was in breach of his contract or was negligent." (Dkt. No. 43 at 2.) Moreover, from Defendant's perspective, the question of illegality is not a pure matter of law, so Plaintiff should be bound to respond. (*Id.* at 3.)

In a request for admission, a party may seek an admission of "fact, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Although Rule 36 allows for requests applying law to fact, "[r]equests for admissions cannot be used to compel an admission of a conclusion of law." *Playboy Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal 1999) (citation omitted); *see also Stark-Romero v. Nat'l R.R. Passenger Corp.*, 275 F.R.D. 551, 554 (D.N.M. 2011) ("It is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion." (collecting cases)); *Lakehead Pipe Line Co. v. Am. Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) ("[A] request for admission which involves a pure matter of law, that is, requests for admission which are related to the facts of the case, are considered inappropriate."). "For example, it would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts." *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (citation omitted); *see, e.g.*, *Reichenbach v. City of Columbus*, No. 2:03-CV-1132, 2006 WL 143552, at *2 (S.D. Ohio Jan. 19, 2006) (concluding that the defendants properly objected to an RFA asking them to admit that the curb ramp at issue was not compliant with federal accessibility design standards on the ground that it sought a purely legal conclusion); *Playboy*, 60 F. Supp. 2d at 1057 (noting that a defendant may object to an RFA asking her to admit that she is a "public figure" as defined in Supreme Court case law as improperly seeking a purely legal conclusion).

Such is the case here. Although Defendant has nominally tied his RFA to the facts of the case, the request remains an abstract legal conclusion: whether certain conduct is illegal. The RFA does not request underlying facts that may establish that the act was illegal, which may well

be appropriate RFAs.  Rather, the RFA merely requests the legal conclusion of illegality.  Under such circumstances, Plaintiff is not bound to answer the RFA and has properly objected on the ground that it calls for a legal conclusion.

Defendant's attempt to distinguish *Playboy Enterprises Inc. v. Welles*, 60 F. Supp. 2d 1050 (S.D. Cal 1999), is unavailing.  Defendant contends that while "[t]he requests in *Playboy* involved intricate and specific questions that required legal expertise to answer . . . the request in this case calls for a more general application of law to fact[.]"  (Dkt. No. 43 at 3.)  But the RFA in this case is no different than the request in *Playboy*:  both ask the responding party to admit a legal conclusion.  Defendant's argument that its request is more general, rather than making its RFA more appropriate, if anything makes it worse:  unlike the requests in *Reichenbach* and *Playboy* that identified a particular law, Defendant's RFA here does not identify what law applies, let alone what illegal act is at issue.  Defendant thus seeks a sweeping legal conclusion as to whether the cyber attack constitutes any illegal act in any jurisdiction.

Accordingly, the Court DENIES Defendant's request for an order to compel Plaintiff to respond to RFA Number 1.

**B.     Response to the Special Interrogatory & Document Request (Dkt. No. 44)**

The second dispute pertains to discovery requests regarding disciplinary action that Plaintiff took in response to the cyber attack, which implicates Defendant's Special Interrogatory Number 15 and Document Request Number 9.  (*See* Dkt. No. 44.)  Special Interrogatory Number 15 asks Plaintiff to "[d]escribe in detail any disciplinary action you took toward any of your personnel in response to the cyber attack referred to in the Complaint."  (Dkt. No. 44 at 1; Dkt. No. 45-1 at 3.)  Plaintiff objected on the ground that the interrogatory "seeks confidential information that is protected by rights of privacy of persons who are not parties to this lawsuit" and stated that it would not disclose any confidential personnel information about third parties without their consent.  (Dkt. No. 45-2 at 6-7.)  However, Plaintiff did respond that the consultancy agreement with Defendant was terminated as a result of the cyber attack.  (*Id.* at 7.)

Similarly, Defendant's ninth document request seeks "[a]ny and all documents that reflect any official or unofficial personnel action relating to the cyber attack referred to in the Complaint,

4

1  whether or not that personnel action included termination of employment." (Dkt. No. 45-1 at 4.)
2  Once again, with the exception of documents related to the termination of Defendant's
3  consultancy agreement, Plaintiff objected to this document request on the grounds that it seeks
4  confidential personnel information of third parties. (Dkt. No. 45-2 at 9.)

5  Under California law, the personnel records of other employees are confidential and thus
6  protected from discovery "unless the litigant can show a compelling need for the particular
7  documents and that the information cannot reasonably be obtained through depositions or from
8  nonconfidential sources." *Foster v. ScentAir Techs., Inc.*, No. 13-cv-05772-TEH (MEJ), 2014 WL
9  4063160, at *2 (N.D. Cal. Aug. 15, 2014) (citing *Harding Lawson Assocs. v. Sup. Ct.*, 10 Cal.
10 App. 4th 7, 10 (1992)). Thus, it is insufficient for a plaintiff to state that discovery of an
11 employee's personnel record is necessary to facilitate the prosecution of the action. *El Dorado
12 Sav. & Loan Ass'n v. Sup. Ct. of Sacramento Cnty.*, 190 Cal. App. 3d 342, 345-46 (1987). A
13 plaintiff must also show that there are no less intrusive means to "satisfy plaintiffs' legitimate need
14 for relevant information." *Id.* at 346.

15 Here, the Court concludes that the requested information about disciplinary action towards
16 individuals besides Defendant could be relevant to the issues in this litigation. Plaintiff's
17 contention that disciplinary or other personnel action against other employees "has no bearing on
18 [Defendant's] own culpability" because he was ultimately responsible for those individuals (Dkt.
19 No. 44 at 5), is shortsighted. To the contrary, if Plaintiff held other employees responsible for the
20 cyber attack, information about their discipline may reveal information that could be relevant to
21 show that Defendant was not negligent, that his acts did not cause the cyber attack, or both.
22 Indeed, Plaintiff produced to Defendant a third-party report that "tentatively concluded that the
23 Cyber Attack was mostly likely perpetrated by two former Music Group employees located in the
24 United Kingdom." (Dkt. No. 44 at 7.) Whether Plaintiff acted on suspicions and actually
25 terminated any other individuals for the cyber attack makes Defendant's affirmative defense much
26 stronger. Thus, whether Plaintiff took any disciplinary or personnel action against other
27 employees in the wake of the cyber attack is certainly relevant.

28 But Defendant has not shown a compelling need for the personnel files at this time. Courts

have found no compelling need for a party to produce confidential personnel files where the relevant information could just as easily be obtained through deposition or other less intrusive means. *See, e.g.*, *Foster*, 2014 WL 4063160, at *2. The Special Interrogatories and follow-up depositions are such less intrusive means.

Having found that Plaintiff need not disclose the private personnel files under California law, the Court need not address Plaintiff's concerns about disclosure under European Union privacy laws. (*See* Dkt. No. 44 at 7-8.) Accordingly, Plaintiff shall respond to Special Interrogatory 15, but need not produce the confidential personnel files.

## CONCLUSION

For the reasons described above, the Court DENIES Defendant's request for an order compelling Plaintiff to respond to Request for Admission Number 1. The Court GRANTS IN PART and DENIES IN PART Defendant's request for an order compelling Plaintiff to respond to Special Interrogatory No. 15 and Document Request Number 9. Plaintiff must respond to Special Interrogatory 15 within seven days of the date of this Order, but need not produce the actual confidential personnel files. The denial of production of the personnel files is without prejudice to Defendant renewing his request should the other discovery means available to Defendant, including special interrogatories and depositions, not produce the relevant discovery.

This Order disposes of Docket Nos. 43 and 44.

**IT IS SO ORDERED**.

Dated: February 10, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge