UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSIC GROUP MACAO COMMERCIAL OFFSHORE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DAVID FOOTE,<br><br>Defendant. | Case No. 14-cv-03078-JSC<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 75 |

This case arises out of a cyber attack on the global computer network and communication systems of Plaintiff Music Group Macao Commercial Offshore Limited ("Plaintiff"). Plaintiff asserts that the cyber attack occurred due to the failures of Defendant David Foote ("Defendant"), a technology consultant for the company. Now pending before the Court is a discovery dispute regarding Plaintiff's response to Defendant's request for production of employment agreements between Plaintiff and certain of its current and former Information Technology ("IT") employees. (Dkt. Nos. 75, 76.) Having considered the parties' letter briefs, the Court concludes that oral argument is unnecessary. *See* Civ. L.R. 7-1(b). The Court GRANTS Defendant's request for an order compelling Plaintiff to respond to discovery requests for production of employment agreements.

## DISCUSSION

As the Court explained in an order resolving an earlier discovery dispute, Plaintiff asserts that Defendant, the technology consultant hired to investigate and analyze Plaintiff's internet technology infrastructure, breached his consultancy agreement by failing to perform his duties and was grossly negligent in performing those duties because he failed to prevent a massive cyber attack on Plaintiff's systems. Defendant, for his part, defends and brings counterclaims on the

grounds that that the cyber attack was caused by the tortious act of a third party and that, in any event, other high level information technology employees—rather than Defendant—were responsible for ensuring network security.

On March 10, 2015, Defendant served, among other discovery requests, three requests for documents reflecting duties of certain other IT employees, including written employment agreements.[1] (Dkt. No. 75 at 1.) Plaintiff served discovery responses on April 21, 2015 and did not produce the employment agreements, contending that the agreements are personnel files that need not and should not be produced given the employees' privacy interests. Plaintiff has, however, produced some documents that reflect the job duties for two positions at the company: Vice President of Technology Operations and Chief Executive Officer. (Dkt. No. 76-1 ¶ 3.) Plaintiff's counsel attests that the job-description documents that Plaintiff produced for those two positions are attached as exhibits to the employment agreements for the individuals hired to perform those jobs. (*Id.* ¶ 4.) In other words, the employment agreements themselves do not describe the job duties—only the attachment does, and Plaintiff has produced that attachment for the two positions previously mentioned. Despite, or in light of, that limited production, Defendant now seeks an order compelling Plaintiff to produce the employment agreements.[2]

The Federal Rules of Civil Procedure provide that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified. *See Williams v. Gate*, No. 09-

---

[1] Defendant's letter brief does not identify which employees' agreements it seeks, other than noting that it seeks agreements of "certain of its current and former IT employees the company identified on an organizational chart" and specifically naming two individuals in its document requests. (Dkt. No. 75 at 1.) It is not clear to the Court whether these are the only two individuals whose agreements Defendant seeks.

[2] The parties filed separate letter briefs due to Defendant's representation that Plaintiff delayed in providing its portion of a proposed joint letter brief. Plaintiff, for its part, contends that there was no such delay and asks the Court to ignore half of Defendant's 6-page individual letter brief because it is beyond the page limits set forth in the Court's Standing Order for discovery letters. The Court declines Plaintiff's invitation to ignore portions of Defendant's brief, but reminds the parties of their obligation to comply with all provisions of the Court's Standing Order and encourages more professional cooperation in future disputes, should any arise.

1   0468, 2011 WL 6217378, at *1 (E.D. Cal. Dec. 14, 2011) (the moving party "bears the burden of
2   information the Court . . . for each disputed response, why [the responding party's] objection is
3   not justified[.]  [The moving party] may not simply assert that he has discovery responses, that he
4   is dissatisfied, and that he wants an order compelling further responses").  "Once the moving party
5   establishes that the information requested is within the scope of permissible discovery, the burden
6   shifts to the party opposing discovery.  An opposing party can meet its burden by demonstrating
7   that the information is being sought to delay bringing the case to trial, to embarrass or harass, is
8   irrelevant or privileged, or that the person seeking discovery fails to show need for the
9   information." *Khalilpour v. CELLCO P'ship*, No. 09-02712, 2010 WL 1267749, at *1 (N.D. Cal.
10  Apr. 1, 2010) (internal quotation marks and citations omitted).

11  Here, Defendant seeks employment agreements of certain IT employees in order to
12  establish that other individuals that Plaintiff employed were contractually responsible for ensuring
13  the safety of Plaintiff's networks and preventing cyber attacks—*i.e.*, to defend Plaintiff's claim
14  that Defendant was solely responsible and therefore liable for the attack.  Plaintiff objected to this
15  document request on the grounds that it seeks confidential personnel information of third parties,
16  and that it has already produced the relevant information in another form: "job description"
17  documents for two employees. (Dkt. No. 76 at 1-2.)  From Defendant's perspective, the
18  employment agreements he seeks are not personnel files, and even if they were, they should be
19  produced because there is no other source for the information and the protective order governing
20  discovery in this matter is a sufficient safeguard.  (*Id.* at 5-6.)

21  Under California's constitutional right to privacy, the personnel records of other
22  employees are confidential and thus protected from discovery "unless the litigant can show a
23  compelling need for the particular documents and that the information cannot reasonably be
24  obtained through depositions or from nonconfidential sources." *Foster v. ScentAir Techs., Inc.*,
25  No. 13-cv-05772-THE (MEJ), 2014 WL 4063160, at *2 (N.D. Cal. Aug. 15, 2014) (citing
26  *Harding Lawson Assocs. v. Sup. Ct.*, 10 Cal. App. 4th 7, 10 (1992)).  Thus, it is insufficient for a
27  party to state only that discovery of an employee's personnel record is necessary to facilitate the
28  prosecution of the action. *El Dorado Sav. & Loan Ass'n v. Sup. Ct. of Sacramento Cnty.*, 190 Cal.

3

1  App. 3d 342, 345-46 (1987).  The party must also show that there are no less intrusive means to
2  "satisfy [the party's] legitimate need for relevant information."  *Id.* at 346.
3        Employment agreements are properly considered to be the type of "personnel files" that
4  are subject to the right of privacy in California.  The California legislature has defined "personnel
5  records" as those files "that the employer maintains relating to the employee's performance or to
6  grievances concerning the employee."  Cal. Labor Code § 1198.5(a); *see Teamsters Local 856 v.*
7  *Priceless, LLC*, 112 Cal. App. 4th 1500, 1515 (2003) (noting that the U.S. Supreme Court has
8  stated that an individual's personnel file usually contains personal data including "where he was
9  born, the names of his parents, where he has lived from time to time, his high school or other
10 school records, results of examinations, evaluations of his work performance"), *disagreed with on*
11 *other grounds by Int'l Fed. of Prof. & Tech. Eng'rs, Local 21, AFL-CIO v. Sup. Ct.*, 42 Cal. 4th
12 319, 335-36 (2007).  Courts have considered employment agreements as containing the type of
13 "sensitive" information subject to privacy concerns that the California constitutional right to
14 privacy protects.  *See, e.g.*, *Alch v. Sup. Ct.*, 165 Cal. App. 4th 1412, 1433 (2008) (noting that
15 "sensitive information ordinarily found in personnel files" includes "employment contracts");
16 *Kolker v. VNUS Med. Techs., Inc.*, No. C 10-0900 SBA (PSG), 2011 WL 5057094, at *4-5 (N.D.
17 Cal. Oct. 24, 2011) ("[Plaintiff's] demand to inspect third-party employment documents
18 [including employment agreements and stock options] implicates the privacy rights of those third
19 parties.").  While an employment agreement may not contain information about an employee's
20 performance or grievances as identified in the state Labor Code, it is likely to include other
21 information—such as the name of the employee, personal contact information, and financial or
22 compensation data—that falls squarely within the umbrella of California's privacy right.  *See*
23 *Alch*, 165 Cal. App. 4th at 1427 (noting that the requested documents included "name and work
24 history information" that, while less sensitive than medical and financial records, still "goes well
25 beyond the information disclosures that courts have found do not amount to serious invasions of
26 privacy").  Indeed, Defendant's "own reliance on the existing protective order to assuage privacy
27 concerns demonstrates that those concerns exist."  *Id.*  Thus, the requested employment
28 agreements are subject to the privacy analysis described above.

1    Based on Defendant's proffered defense theory, the job-duty information contained in the
2    requested employment agreements is also relevant to the issues in this litigation.  Indeed, even
3    Plaintiff appears to concede that the requested information is relevant.  (*See* Dkt. No. 76 at 1.)  Put
4    simply, if Plaintiff specifically hired other individuals for the purposes of ensuring cyber security
5    and preventing attacks, that could be relevant to show that Defendant was not negligent, that his
6    acts did not cause the cyber attack, or both.  The duties assigned to other IT staff's employment
7    therefore have bearing on the merits of this case.

8    However, there is no compelling need to produce the entire employment agreement, as
9    Defendant has not met his burden of establishing that the entire document is relevant and there is
10   no less intrusive means of obtaining the information.  *See El Dorado Sav. & Loan Ass'n*, 190 Cal.
11   App. 3d at 345-46.  For example, to the extent that the agreement contains each employee's
12   agreed-upon salary, Defendant makes no argument that the employee's rate of compensation is
13   relevant in this litigation; instead, it is only the contractual job duty information that he seeks.
14   Defendant insists that there is no other less intrusive source of this information, arguing that while
15   deposition testimony or interrogatory answers might provide some explanation of job duties, it
16   would not be a suitable substitute because it would not "create the legal relationship" between
17   Plaintiff and the employees that Defendant seeks to rely on in his defense.  (Dkt. No. 75 at 6.)
18   Plaintiff, for its part, contends that the "less intrusive means" to satisfy the discovery request is the
19   "job description" documents attached to the employment agreements as an exhibit referenced in
20   the section of the agreement titled "Duties."  (Dkt. No. 76 at 1.)  But the description page alone
21   does not create the contractual relationship on which Defendant intends to rely to defend the
22   claims against him.

23   Striking a balance between the competing needs of the employees' right to maintain
24   privacy of their information and Defendant's need to defend himself in this litigation, the Court
25   concludes that Defendant is entitled to discovery of the employment agreements of the relevant IT
26   employees with the information protected by the constitutional right to privacy redacted.  Plaintiff
27   is ordered to produce the employment agreements themselves (with any attachments) subject to
28   the protective order governing this matter with information regarding the employee's personal

information (including date of birth, social security number, address, work history and telephone number, if it appears) and compensation and other financial information redacted.

## CONCLUSION

For the reasons described above, the Court GRANTS Defendant's request for an order compelling Defendant to respond to Document Requests 36, 37, and 38.  The parties shall meet and confer to identify the employees whose duties are at issue.  Plaintiff shall comply with this Order as set forth above by no later than May 15, 2015.

This Order disposes of Docket No. 75.

**IT IS SO ORDERED.**

Dated:  May 7, 2015

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge