UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSIC GROUP MACAO COMMERCIAL OFFSHORE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DAVID FOOTE,<br><br>Defendant. | Case No. 14-cv-03078-JSC<br><br>**ORDER ON MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Re: Dkt. No. 104, 112 |

This case arises out of a cyber attack on the global computer network and communication systems of Plaintiff Music Group Macao Commercial Offshore Limited ("Plaintiff"). During the course of discovery, Plaintiff designated a large number of documents as confidential pursuant to the parties' Stipulated Protective Order ("Protective Order"). Defendant has challenged the lion's share of those confidentiality designations, contending that Plaintiff has failed to meet its burden of establishing that each particular document must remain protected. The motion currently pending before the Court is somewhat unusual. Rather than identify specific documents as the Protective Order requires (*see* Dkt. No. 41 ¶¶ 6.1, 6.2), Plaintiff moves to preserve the confidentiality designation of some unknown number of, and indeed unidentified, documents. (Dkt. No. 104.) Essentially, Plaintiff asks the Court to rule that documents that contain certain categories of information are confidential. This somewhat generic process was necessitated by Defendant's broad objection to the confidential designation of perhaps hundreds of documents, and Plaintiff's need to not waive its assertion of confidentiality pursuant to paragraph 6.3 of the Stipulated Protected Order. (Dkt. No. 41.)

After reviewing the parties' written submissions, the Court finds the motion suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). Now that the Court has ruled on the

confidentiality of documents submitted in connection with summary judgment, the parties have specific guidance as to what may be deemed confidential. Accordingly, Plaintiff's motion is DENIED without prejudice. Plaintiff is ordered to revisit its confidentiality designations and provide Defendant with revised designations within 30 days of the date of this Order. As the order on the motions to seal in connection with the summary judgment proceeding directs, many documents can be produced with only limited portions designated as confidential or not designated as confidential at all. (*See* Dkt. No. 41 (Protective Order) ¶ 5.1.) If following this redesignation Defendant believes that any particular documents are not properly designated as confidential, then Defendant shall so notify Plaintiff in accordance with paragraph 6 of the Protective Order. (*Id.* ¶ 6.) Defendant must identify each specific document and describe the basis for challenging each specific document. The meet and confer process must then begin anew.

In the interim, Defendant shall treat the documents designated as confidential as such. Given that the documents remain confidential and have not been relevant to or relied on by the Court in any determination—aside from the documents at issue in Defendant's motion for summary judgment, which the Court separately addressed—, the Court GRANTS Defendant's administrative motion to file under seal the unredacted versions of documents that contain information that Plaintiff designated as confidential. (Dkt. No. 112.)

This Order terminates Docket Nos. 104 and 112.

**IT IS SO ORDERED.**

Dated: June 30, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge