1

2

3

4             UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7   MUSIC GROUP MACAO COMMERCIAL
    OFFSHORE LIMITED,                         Case No.  14-cv-3078-JSC

8                      Plaintiff,

9          v.                                 **ORDER RE:  DISCOVERY DISPUTE**

10  DAVID FOOTE,                              Re: Dkt. Nos. 149, 150

11                     Defendant.

12

13          Now pending before the Court is the parties' joint letter brief regarding the deposition of

14  Ulrich Behringer, the CEO of Plaintiff Music Group and the main individual responsible for hiring

15  Defendant as the company's IT consultant.  (Dkt. No. 150.)  Essentially, Defendant seeks an order

16  requiring Behringer to appear for deposition in California while Music Group seeks an order

17  instead allowing his deposition at his principal place of business or via videoconference.  Also

18  pending is Defendant's administrative motion to file under seal certain documents submitted in

19  connection with the discovery dispute.  The Court finds this dispute suitable for resolution without

20  oral argument.  *See* N.D. Cal. L.R. 7-1(b).  For the reasons explained below, the Court GRANTS

21  Defendant's request for an order compelling Behringer to appear for deposition in California,

22  DENIES Music Group's request for protective order, and GRANTS the administrative motion to

23  file under seal.

24  **I.      Discovery Dispute (Dkt. No. 150)**

25          Defendant has already deposed Behringer for 7 hours in his capacity as 30(b)(6) witness in

26  March 2015 in Los Altos, California.  Defendant now seeks an additional 7 hours to depose

27  Behringer as a fact witness—specifically, regarding conversations with Defendant and his

28  understanding of Defendant's anticipated role and responsibilities at the company.  Plaintiff agrees

that the 7 hours of deposition testimony is appropriate. The parties only dispute where the deposition should take place: Defendant noticed the Behringer deposition for Los Altos, California while Plaintiff contends that the deposition should instead occur either in person or via videoconference in Manila, the Philippines, Music Group's principal place of business.  In support of its opposition to Defendant's request, Plaintiff submits the declaration of Ulrich Behringer, who avers that while he was able to travel to California for his 30(b)(6) deposition in March, Music Group has since acquired several other companies and embarked on projects with completion deadlines at the end of this year that require Behringer to work around the clock and frequently travel throughout Asia, leaving him without time to travel to California for another deposition.  (Dkt. No. 150-16.)

A party may unilaterally choose the place for deposing the opposing party, subject to the granting of a protective order by the Court pursuant to Federal Rule of Civil Procedure 26(c)(2). *HTC Corp. v. Tech. Props.*, No. C08-0082, -0877, -0844-JF (HRL), 2008 WL 5244905, at *1 (N.D. Cal. Dec. 16, 2008) (citation omitted).  "When the opposing party is a corporation, both its officers and directors have been treated as 'opposing parties,' the same as a Rule 30(b)(6) designee." *Id.* (citations omitted); *see also Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005).  As a general rule the "plaintiff will be required to make himself or herself available for examination in the district in which the suit was brought." *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. C98-3477 CRB (JCS), 1999 WL 33292943, at *9 (N.D. Cal. Sept. 17, 1999) (citing Wright & Miller, Fed. Practice & Proc. § 2112 at 75).  This rule "permits predictability in prospective litigation" and "pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time." *HTC Corp.*, 2008 WL 5244906, at *1 (citation omitted).  While there also is a general presumption that the deposition of a corporate party should be taken at its principal place of business, the presumption is not conclusive, and courts in this District "primarily apply this rule to defendants, since plaintiffs have the luxury of choosing the forum." *HTC Corp.*, 2008 WL 5244905, at *2 (citing *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995)); *see also Doe v. Successfulmatch.com*, No. 5:13-cv-03376-LHK (HRL), 2014 WL 5775328, at *1-3 (N.D.

United States District Court
Northern District of California

Cal. Nov. 5, 2014) (noting that the rule that a corporate witness is generally deposed at the principal place of business is "merely a decision rule that facilitates determination when the other relevant factors do not favor one side over the other").

Ultimately, the trial court has broad discretion to determine the appropriate place for a deposition. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Courts consider the relative convenience of and hardships to the parties when determining whether to grant a protective order changing the location of a noticed deposition. *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429-30 (N.D. Cal. 2008). In the context of corporate witnesses, to determine the appropriate location for a deposition courts generally consider factors including "the location of counsel for both parties, the number of corporate representatives a party seeks to depose, whether the deponent often travels for business purposes, the likelihood of significant discovery disputes arising which would require resolution by the forum court, and the equities with respect to the nature of the claims and the parties' relationship." *Cadent Ltd v. 3M Unitek Corp.*, 232 F.R.D. 625, 628-29 (C.D. Cal. 2005)

Here, it is Defendant who wishes to take the deposition of Plaintiff's corporate representative, so this is not the typical scenario in which the general presumption that the deposition should occur at the company's principal place of business applies. *See Doe*, 2014 WL 5775328, at *3; *HTC Corp.*, 2008 WL 5244905, at *2 (citation omitted). To the contrary, Plaintiff chose to litigate in this forum and therefore should not be permitted to avail itself of the presumption that traveling to this District is an undue burden.

Turning to the other factors, counsel for both parties are located here, which weighs in favor of the deposition occurring here. Defendant seeks to depose Behringer only, not a slew of other corporate representatives, though it has already deposed two other corporate representatives in California, one from the United Kingdom and one from Singapore. (*See* Dkt. No. 150 at 8.) Behringer frequently travels all over the world for business purposes, though Behringer avers that his business usually takes him only to Asia and Europe, not to the United States. (Dkt. No. 150-16 ¶ 8.) He acknowledges, however, that following his 30(b)(6) deposition here he traveled to Los Angeles on company business. (*Id.* ¶ 4.) These two factors thus weigh slightly in favor of the

United States District Court
Northern District of California

1    deposition occurring here.  Discovery disputes are foreseeable given that the parties have already

2    brought several to the court's attention, although the parties have yet to interrupt a deposition to

3    seek the Court's resolution of a dispute about questioning, so this factor is neutral.  But the

4    equities of the claims also favor Defendant, as Plaintiff is a large, lucrative corporation suing an

5    individual defendant to recover damages the company sustained as a result of a cyber attack it

6    acknowledges Defendant did not perpetrate.  Thus, the relevant factors favor requiring Behringer

7    to travel to the district he chose to initiate litigation for his percipient witness deposition.  The

8    relative hardships of the parties in having the deposition occur in this district versus the

9    Philippines compels the same result given Defendant's burden to bear the cost of travel for

10   counsel alone, versus Behringer's need to rearrange his work schedule and delegate some

11   responsibilities among other officers at his 3500-person company to travel here.  Indeed, while

12   Music Group has established that Behringer has a busy schedule, it has provided no evidence of an

13   actual conflict with every single proposed date within the discovery period.  *See U.S. ex rel. Prat*

14   *v. AT&T Inc.*, No. C-09-02457-CRB (EDL), 2012 WL 6203081, at *1-2 (N.D. Cal. Dec. 12, 2012)

15   (denying protective order and requiring deposition of plaintiff as noticed in the forum state despite

16   plaintiff's declaration of changed business circumstances).

17          Nor has Music Group demonstrated good cause for the deposition to occur via

18   videoconference.  While Music Group argues that a "live deposition is not necessary for the

19   second deposition of the same person" (Dkt. No. 7), it does not cite any case in support of this

20   proposition.  On the other hand, requests for leave to take depositions by telephone or other

21   remote means are granted liberally.  *Guillen v. Bank of Am. Corp.*, Civ. No. 10-5825 EJD PSG,

22   2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011) (citations omitted).  "A desire to save money

23   constitutes good cause to depose out-of-state witnesses [via] telephone or remote means."  *Id.*  The

24   burden is on the party seeking live testimony to show how they would be prejudiced by the remote

25   deposition.  *Id.* (citations omitted).

26          Notably, here Music Group does not contend that it seeks to conduct the Behringer

27   deposition via videoconference to save money; rather, the asserted means is to avoid the deponent

28   from experiencing jet lag and to accommodate his busy schedule.  A busy schedule is generally

4

1    not good cause in the context of depositions.  *See, e.g.*, *In re Transpac. Passenger Air Transp.*

2    *Antitrust Litig.*, No. C-07-05634 CRB (DMR), 2014 WL 939287, at *3 (N.D. Cal. Mar. 6, 2014)

3    (that a high-level corporate witness "has a busy schedule is simply not a basis" for foreclosing his

4    deposition).  But even if it were, Defendant has demonstrated that it would be prejudiced by the

5    remote deposition.  Based on the Court's adjudication of the parties' cross-motions for summary

6    judgment, it is clear that Behringer is a critical witness.  Defendant contends that deposition via

7    videoconference will prejudice him because it will be insufficient to allow him to test Behringer's

8    credibility and to review a copious number of documents.  (*See* Dkt. No. 150 at 4.)  Indeed, courts

9    in this District have found video depositions inappropriate under such circumstances.  *See, e.g.*,

10   *United States v. Approximately $53,378 in U.S. Currency*, No. C08-5023 MMC (BZ), 2010 WL

11   4347889, at *1 (N.D. Cal. Oct. 27, 2010) (denying request for video deposition as insufficient to

12   examine deponent's credibility and "impracticable" given large number of documents at issue).

13   Accordingly, the Court declines to allow the Behringer deposition to occur via videoconference.

14   **II.      Administrative Motion to File under Seal (Dkt. No. 149)**

15         Defendant has also submitted an administrative motion to file under seal three documents

16   submitted in connection with the above discovery dispute.  The documents sought to be filed

17   under seal either in whole or in part were designated as confidential by Music Group during the

18   course of discovery.   Exhibits 1 and 3 are Defendant's deposition notices for Ulrich Behringer.

19   (Dkt. No. 149-4, 149-6.)  Defendant seeks to redact portions of these exhibits that disclose the

20   names of two individuals who formerly worked at Music Group but were terminated in connection

21   with the cyber attack.  The Court has already found compelling reasons to seal the names of these

22   individuals in connection with the parties' summary judgment briefing, and therefore finds good

23   cause for these limited redactions here.  Exhibit 13 is the deposition testimony of Philip Crook,

24   which Music Group designated as confidential in its entirety.  Normally, the Court would require a

25   declaration from Music Group to establish grounds for sealing this deposition in connection with

26   this motion.  However, as the Court did not rely on the Crook deposition in resolving the instant

27   motion, it finds sealing appropriate.

28

United States District Court
Northern District of California

1

**CONCLUSION**

2          For the reasons set forth above, the Court GRANTS Defendant's request for an order

3   compelling Behringer to appear for deposition in California and GRANTS Defendant's

4   administrative motion to file under seal.  Music Group shall cause Behringer to appear for a

5   deposition in Los Altos, California by the close of discovery.

6          This Order disposes of Docket Nos. 149 and 150.

7          **IT IS SO ORDERED.**

8   Dated: August 11, 2015

9

10

11   JACQUELINE SCOTT CORLEY
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California